Filed 3/18/14  Mullins v. Cal. Horse Racing Board CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| JEFF MULLINS,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CALIFORNIA HORSE RACING BOARD et al.,<br><br>Defendants and Appellants. | D062226<br><br><br>(Super. Ct. No. 37-2010-00092212-CU-WM-CTL ) |


APPEAL from a judgment of the Superior Court of San Diego County, Lisa A. Foster, Judge.  Dismissed


Kamala D. Harris, Attorney General, Alicia M. B. Fowler, Assistant Attorney General, Jerald L. Mosley and Kenneth C. Jones, Deputy Attorneys General, for Defendants and Appellants.

Towle Denison Smith & Maniscalco, James P. Maniscalco and Amanda R. Washton for Plaintiff and Respondent.

The California Horse Racing Board, its chairman, executive director, and members (collectively, the Board) appeal a judgment granting horse trainer Jeff Mullins's petition for writ of mandate to set aside certain of the Board's disciplinary decisions regarding Mullins. Mullins moves to dismiss the appeal as premature because, although the judgment disposed of Mullins's writ petition, it did not dispose of Mullins's civil claims against the Board, which were coupled with the writ petition but stayed pending resolution of the writ proceedings. Mullins also moves to dismiss the appeal based on irregularities in the record the Board submitted to this court. We agree that the Board's appeal is premature and dismiss it on that basis. Therefore, we do not address Mullins's challenges to the adequacy of the record.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Trial Court Proceedings*

On May 14, 2010, Mullins, a licensed horse trainer, filed a single pleading containing both a petition for administrative writ of mandamus and a civil complaint against the Board. The petition alleged the Board violated Mullins's right to due process during an administrative proceeding in which the Board disciplined Mullins in connection with his training of a horse named Pathbreaking. The petition sought to set aside the Board's decision and to recover damages that resulted from it.

---

[1] Accordingly, the Board's motion to augment the record on appeal is denied.

The civil complaint included causes of action under title 42 United States Code[2] section 1983 for violations of Mullins's procedural and substantive due process rights, as well as a claim for declaratory and injunctive relief.  Mullins's pleading concluded with a prayer for damages.

In April 2011 the trial court severed the writ petition from the civil claims and stayed the civil claims pending resolution of the writ proceedings.

On May 23, 2011, Mullins filed a new petition for administrative writ of mandamus against the Board.  This petition alleged the Board violated Mullins's due process rights during an administrative proceeding in which the Board, based on the allegations in the Pathbreaking matter, revoked Mullins's probation from an earlier disciplinary proceeding.  The petition sought to set aside the Board's decision and to recover damages.

On May 27, 2011, Mullins filed a consolidated and amended petition for administrative mandamus and damages that consolidated the petitions relating to the Pathbreaking and probation revocation matters.

The court heard Mullins's consolidated petition in December 2011 and issued a statement of decision in February 2012.  The court found the Board violated Mullins's due process rights in each of the Pathbreaking and probation revocation matters and ordered the Board to set aside those decisions.  The court also found the Board was

_____

2      Undesignated statutory references will be to the United States Code.

3

immune from damages under Government Code section 818.4,[3] which provides immunity to a public entity for injury caused by the issuance, denial, suspension or revocation of a license.

On May 17, 2012, the court filed a judgment on the writ proceedings. The judgment, which was prepared by the Board's counsel, (1) granted the writ petition, (2) ordered the Board to set aside its disciplinary decisions, (3) prohibited the Board from taking further disciplinary action against Mullins in connection with the Pathbreaking and probation revocation matters, (4) authorized Mullins to file a motion for attorney fees, and (5) terminated the stay of the severed civil claims.

The Board served a notice of entry of judgment on Mullins on May 24, 2012, and filed a notice of appeal from the judgment on June 19, 2012.

B. *Proceedings on Appeal*

In an August 3, 2012 letter, we asked the Board to explain why, in light of the severed civil claims that remained pending between the parties, the judgment was an appealable final judgment. The Board responded by letter dated August 13. On August 16, we notified the parties that the issue of appealability would be considered as an issue in the appeal by the panel assigned to hear the appeal on the merits.

The Board addressed appealability in its April 2, 2013 opening brief. On July 31, 2013, Mullins filed his respondent's brief and a motion to dismiss the appeal. The motion argues we should dismiss the appeal because (1) the judgment is not a final appealable

---

3       The statement of decision mistakenly cites Government Code section 814.4.

4

order, and (2) the Board "tamper[ed] with the administrative records at issue . . . ."  The

Board filed an opposition to the motion on August 14, arguing "the 'substance and effect'

of the trial court's adjudication disposes of all issues in this case."  (Quoting *Griset v.*

*Fair Political Practices Com.* (2001) 25 Cal.4th 688, 689 (*Griset*).)  The Board requested

that if we deem this appeal premature, we nonetheless exercise our discretion to hear it as

a petition for writ of mandate.  The opposition also responded to Mullins's accusations

that the Board tampered with the record.  Mullins filed a reply in support of his motion on

August 30.

### DISCUSSION

A.  *Governing Legal Principles*

"A trial court's order is appealable when it is made so by statute."  (*Griset*, *supra*,

25 Cal.4th at p. 696.)  No statute makes a judgment granting a petition for administrative

writ of mandate separately appealable when the petition has been joined with other

causes of action that remain unresolved.  (*Id.* at pp. 696-697, citing Code Civ. Proc.,

§ 904.1; *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743 (*Morehart*).)

"[A]llowing an appeal in that situation would be contrary to the 'one final judgment' rule,

a fundamental principle of appellate practice that prohibits review of intermediate rulings

by appeal until final resolution of the case."  (*Griset*, at p. 697.)  Thus, "an appeal cannot

be taken from a judgment that fails to complete the disposition of all the causes of action

between the parties even if the causes of action disposed of by the judgment have been

ordered to be tried separately, or may be characterized as 'separate and independent' from

those remaining."  (*Morehart*, at p. 743.)

5

In *Griset*, our Supreme Court provided the following practical guidance for determining whether a judgment is final and appealable: " 'It is not the form of the decree but the substance and effect of the adjudication which is determinative. As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.' " (*Griset*, *supra*, 25 Cal.4th at p. 698, quoting *Lyon v. Goss* (1942) 19 Cal.2d 659, 670.)

"A petition for a writ, not an appeal, is the authorized means for obtaining review of judgments and orders that lack the finality required by Code of Civil Procedure section 904.1, subdivision (a)." (*Morehart*, *supra*, 7 Cal.4th at pp. 743-744.)

B. *Analysis*

Mullins argues persuasively that this case falls within the holding of *Morehart*—in both cases the trial court granted a petition for writ of mandate but had not yet addressed civil claims that were ordered to be tried separately. (*Morehart*, *supra*, 7 Cal.4th at p. 735.) The Board argues the judgment is nonetheless appealable because it "disposes of all issues in both the civil complaint and the petition." We disagree.

The Board argues the trial court's statement of decision regarding the writ petition effectively disposed of Mullins's civil complaint. In support, the Board cites to specific claims common to both the petition and civil complaint that were expressly disposed of

6

by the statement of decision.[4]  But, at least for purposes of our determination of appealability, the Board is interpreting Mullins's civil claims too narrowly.  Mullins's civil complaint alleges the Board's civil rights violations "include *but are not limited to*" the examples the Board cites.  (Italics added.)  More generally, Mullins alleges the Board "violated [his] procedural due process rights by failing to provide fair and unbiased procedures through which he could defend against the accusation and the penalty imposed by [the Board]."  In that regard, the trial court expressly concluded that Mullins's "rights to procedural due process were violated by the Board" with respect to its handling of the disciplinary proceedings.  If anything, that finding establishes—rather than disposes of—Mullins's civil due process claims.

The Board also argues the trial court's finding of immunity on Mullins's writ petition applies with equal force to his civil claim for damages.  We are unpersuaded.  The statement of decision discussed immunity only in the context of Mullins's writ petition.  Perhaps this is so because Mullins argued to the trial court that *state* immunity statutes cannot immunize the Board against his *federal* claims.  (See, e.g., *Martinez v. California* (1980) 444 U.S. 277, 284, fn. 8 [section 1983 action "cannot be immunized by state law"]; *Buenavista v. City and County of San Francisco* (1989) 207 Cal.App.3d 1168, 1174 ["The state immunity statute does not shield the city from liability under section 1983."].)  The Board has not addressed this issue and, on the record and briefing

---

4       For example, the trial court rejected Mullins's challenges to the Board's application of its "trainer-insurer" rule, its hearing officer selection process, and its blood sampling procedures.

7

before us, we decline to extend the trial court's finding of immunity to Mullins's civil claims. We offer no opinion on whether the Board enjoys some other form of immunity against Mullins's federal civil claims; that is an issue best addressed by the trial court in the first instance.

The record also suggests the parties and the court did not view the judgment as disposing of all the issues in the case. For example, although the judgment disposed of the writ proceedings, it also expressly lifted the stay on the civil claims. If the Board truly viewed the judgment as also disposing of the civil claims, we are at a loss for why the Board's own proposed judgment would not have expressly said so. The Board also implicitly acknowledged in its opposition to Mullins's motion for attorney fees that Mullins's civil claims for damages survived. On that point, during the August 2012 hearing on the attorney fee motion, the Board's counsel referred to the writ proceedings as the "proving ground" for Mullins's civil claims: "If they were to prevail on [the writ petition], they could simply walk these over to the civil case and say, look, we demonstrated that we won the civil case, so now it's just a matter of proving up the damages." The court recognized the "necessarily dependent" nature of Mullins's civil claims, stating "[t]here wouldn't be civil claims if he hadn't won the writ." This all suggests the parties and the court considered Mullins's civil claims alive and well months after the court entered judgment on Mullins's writ petition.

Based on the scope of the claims alleged in the pleadings, the express language of the judgment prepared by the Board's counsel, and the Board's and the court's subsequent references to Mullins's civil claims, we conclude the judgment did not dispose of all

8

issues pending before the parties.  Therefore, the judgment is not appealable.  (*Morehart*, *supra*, 7 Cal.4th at p. 743.)

The Board asks us to nonetheless consider the merits of its appeal now by exercising our discretion to treat it as a writ petition.  We decline to do so.  At this stage in the proceedings, we are not persuaded by the Board's argument to us that this case presents "a question with broad applicability and one in urgent need of resolution."  Instead, we are persuaded by the Board's argument to the trial court in opposition to Mullins's motion for attorney fees that this case is confined to its own facts:  "[T]he facts that are unique to this case really drove the award to set aside the decisions.  And I think those very facts are the ones that undermine any sort of a suggestion that substantial benefit to the public at large was obtained."

## DISPOSITION

The appeal is dismissed.

NARES, Acting P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.

9